UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DR. P. EDWARDS CONRAD,

      Plaintiff,

v.                                                                           CASE NO. 3:24-cv-1056-MMH-MCR

THOMAS FARRELL, *et al.*,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court *sua sponte*, i.e. on its own motion. The Court previously entered an Order advising *pro se* Plaintiff of some procedural rules with which she must comply. (Doc. 10.) That Order stated in relevant part:

> **On or before April 17, 2025**, Plaintiff shall perfect service of process on Defendants, and file proof of service of waiver thereof.

(*Id*. at 7.) Following entry of that Order, Plaintiff took no action regarding this case.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

The Court then entered an Order to Show Cause (Doc. 16) which stated in relevant part:

> **On or before May 9, 2025**, Plaintiff shall **SHOW CAUSE** in writing why this case should not be dismissed for failure to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m) and for failure to prosecute pursuant to Local Rule 3.10. **If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge dismiss this action.**

(Doc. 16 at 2.) Plaintiff filed a response to the Order to Show Cause on May 7, 2025. (Doc. 17.) However, Plaintiff's response fails to include proof of proper service of process on Defendants.

Federal Rule of Civil Procedure 4(m) states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must dismiss the action without prejudice** against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

(*Id.*) (Emphasis added).

Plaintiff has failed to show good cause for failing to properly serve Defendants. Thus, dismissal is warranted pursuant to Federal Rule of Civil Procedure 4(m). Moreover, Local Rule 3.10 states: "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an

2

order to show cause fails to demonstrate due diligence and just cause for delay." The response fails to provide just cause for the delay in service and fails to demonstrate due diligence. In light of the above, the undersigned recommends that this action be dismissed for failure to properly serve Defendants pursuant to Federal Rule of Civil Procedure 4(m) and for failure to prosecute pursuant to Local rule 3.10.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED** for failure to properly serve Defendants pursuant to Federal Rule of Civil Procedure 4(m) and for failure to prosecute pursuant to Local rule 3.10.

2. The Clerk of Court be directed to terminate any pending motions and deadlines and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on June 25, 2025.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
Chief United States District Judge

*Pro se* Plaintiff

3